**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Michael Porter, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br><br><br><br><br>    -v.-<br><br>Resurgent Capital Services, LP,<br>LVNV Funding LLC,<br><br>                  Defendant(s). | Civil Action No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Michael Porter (hereinafter, "Plaintiff"), a Georgia resident, brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC against Defendant Resurgent Capital Services, LP (hereinafter "Defendant Resurgent") and Defendant LVNV Funding LLC (hereinafter "Defendant LVNV Funding") together ("Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

1

## INTRODUCTION/PRELIMINARY STATEMENT

1.    Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA" or "The Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.    Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.    The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.    Plaintiff brings this class action on behalf of a class of Georgia consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.    Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.    Plaintiff is a resident of the State of Georgia, County of Newton.

8.    Defendant Resurgent is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address for service of process care of Corporation Service Company 80 State St, Albany, NY 12207.

9.    Upon information and belief, Defendant Resurgent is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

10.    Defendant LVNV Funding is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address for service of process care of Corporation Service Company 80 State St, Albany, NY 12207.

11.    Upon information and belief, Defendant LVNV Funding is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

12.    Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13.    The Class consists of:

    a.  all individuals with addresses in the State of Georgia;

    b.  to whom Defendant Resurgent sent a response to a consumer's dispute;

    c.  on behalf of Defendant LVNV Funding;

    d.  including documentation of an amount that did not match the amout of the balance;

    e.  without providing any explanation for the difference between the two amounts;

    f.  which letter was sent on or after a date one (1) year prior to the filing

of this action and on or before a date twenty-one (2l) days after the

filing of this action.

14.    The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15.    Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16.    There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. § 1692e et seq.

17.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

18.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a.    **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b.    **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § 1692e.

    c.    **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d.    **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel

experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.   Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.   Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

21.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.     On around January 17, 2005, Plaintiff opened a new line of credit with the original creditor Citibank (South Dakota) N.A.

23.     The Citibank obligation arose out of transactions involving personal, family or household purposes obtained by Plaintiff from Citibank and was incurred primarily for personal, family or household purposes.

24.     Specifically, Plaintiff allegedly bought goods for personal and/or family use using his Citibank Credit Card.

25.     The alleged Citibank obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

26.     Citibank is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

27.     Defendant LVNV Funding subsequently purchased the defaulted Citibank debt for the purpose of debt collection. Therefore, Defendant LVNV Funding is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

28.     Allegedly, the subject account was purchased by LVNV Funding on or around February 2, 2009.

29.     Upon information and belief, Defendant Resurgent was contracted by Defendant LVNV Funding for the purpose of collecting on the subject debt.

Therefore, Defendant Resurgent is a "debt collector" as defined by 15 U.S.C.§ 1692a (6).

30.     Defendant LVNV Funding assisted in the attempt to validate the subject debt, making them directly liable for any violations of law resulting therefrom.

31.     Defendant LVNV Funding has policies and procedures in place that govern Defendant Resurgent's debt collection practices, specifically with regard to collecting the subject debt, thereby evidencing Defendant LVNV Funding's control over Defendant Resurgent's collection practices.

32.     By virtue of the relationship between the two Defendants, Defendant LVNV Funding  exercised control over Defendant Resurgent while the latter was engaged in collecting the subject debt on behalf of the former.

33.     Therefore, Defendant LVNV Funding should also be held vicariously liable for any and all violations committed by Defendant Resurgent.

*Violation – November 30, 2021 Collection Letter*

34.     In its validation letter sent to Plaintiff on November 30, 2021, Defendant Resurgent stated that Plaintiff owed an amount due of $1,135.86 to the original creditor, Citibank (South Dakota), N.A.

35.     The November 30, 2021 letter states, "[w]e have received a recent inquiry regarding the above-referenced account and have enclosed the account summary which provides a verification of debt.

36.    On page 2 of the November 30, 2021 letter, Defendant states that the account charge-off amount was $802.55 as of March 31, 2006.

37.    Defendant also states that the account balance at the time of acquisition was $802.55 as of February 2, 2009.

38.    The original creditor waived interest on the subject account.

39.    The creditors during the period of March 31, 2006 until February 2, 2009 also waived interest on the subject debt.

40.    As the prior creditors waived the accrual of interest on the subject debt, Defendants were not permitted to subsequently collect interest.

41.    Defendants sought $1,135.86, which is $333.31 more than the account balance at the time of charge off and the time of acquisition.

42.    $333.31 represents an unlawful amount of debt that Defendant attempted to collect from Plaintiff.

43.    Plaintiff disputed the subject debt because he did not recognize the amount of debt Defendant's demanded that he pay.

44.    Defendants failed to validate the amount of the debt they sought from Plaintiff, as they were not entitled to charge interest.

45.    The statement summary does not validate that Plaintiff owes the amount stated to the original creditor or any purchaser of the subject debt thereafter.

46.     The Letter claims to be a "substantiation" of the Plaintiff's debt; however, it remains unclear as to why Defendants began charging interest on the debt.

47.     The least sophisticated consumer, and the plaintiff included, remains puzzled as to which entity is correct, the original creditor or the current debt collector.

48.     Defendants failed to provide any explanation in the Letter as to why the balance increased subsequent to charge off. The omission of an explanation leaves open several options in the mind of a consumer; including:

(1) some of the creditors decided to waive interest on the subject debt;

(2) the Defendant made a mistake on the "Current Balance Due" line-item, and in fact Plaintiff owes $802.55;

(3) Defendants do not in fact have the right to collect this debt as they were unable to verify the amount due.

49.     Therefore, the Letter provided by Defendant Resurgent which ostensibly intends to validate the Plaintiff's debt has no meaning and serves only to mislead and confuse the consumer as the true balance cannot be determined from the Letter.

50.     The Plaintiff could not determine the correct amount owed from the Letter because different balances were provided without any explanation for the difference between the balances.

51.     Further, Defendants' Letter is a false representation of the amount of the debt due.

52.     The actions and omissions of Defendants concretely harmed Plaintiff.

53.     Plaintiff was provided an incorrect amount of the debt and a validation letter that failed to substantiate the amount Defendants sought. This is analogous to the common law tort of fraud and establishes concrete damages to Plaintiff.

54.     Plaintiff was harassed for a debt he does not owe, in part or in full. This is analogous to the common law tort of invasion of privacy and establishes concrete damages to Plaintiff.

55.     As a result of Defendants' false, deceptive, and misleading debt collection practices, Plaintiff has been damaged in a concrete and particularized manner.

## **COUNT I**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
### **15 U.S.C. §1692e** *et seq.*

56.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

57.    Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

58.    Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

59.    Defendants violated §1692e :

    a.  As the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate in violation of §1692e(2);

    b.  By making a false and misleading representation in violation of §1692e(10).

60.    By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

61.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Michael Porter, individually and on behalf of all others similarly situated, demands judgment from Defendants as follows:

1.      Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

2.      Awarding Plaintiff and the Class statutory damages;

3.      Awarding Plaintiff and the Class actual damages;

4.      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.      Awarding pre-judgment interest and post-judgment interest; and

6.      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated:        May 5, 2022                          Respectfully Submitted,

                                                   s/ *Misty Oaks Paxton*
                                                   By:  Misty Oaks Paxton, Esq.
                                                   3895 Brookgreen Pt.
                                                   Decatur, GA, 30034
                                                   Phone: (404) 725-5697
                                                   Fax: (775) 320-3698
                                                   attyoaks@yahoo.com
                                                   *Attorney for Plaintiff*


                                                   */s/ Tamir Saland*
                                                   Tamir Saland, Esq.
                                                   STEIN SAKS, PLLC
                                                   One University Plaza, Ste. 620
                                                   Hackensack, NJ 07601
                                                   (201) 282-6500 ext. 122
                                                   (201) 282-6501  Fax

tsaland@steinsakslegal.com
*pro hac vice pending*